W. J. McFRY, RESPONDENT, v. T. J. MOSS TIE CO., A CORPORATION, APPELLANT.—35 S. W. (2d) 962.

In the Springfield Court of Appeals. Opinion filed February 23, 1931.

*W. J. Orr* and *H. D. Green* for appellant.

*E. P. Dorris* for respondent.

SMITH, J.—This case originated in the circuit court of Oregon county and was for removing timber from the plaintiff's land by the defendant and was based on the treble damage section 4242, Revised Statutes 1919. Upon change of venue the case was sent to Carter county where it was tried at the October term, 1929.

The petition alleged the ownership by plaintiff of certain described lands in Oregon county and that in September, 1928, the defendant through its agents and employees, unlawfully entered upon said lands, and without right or interest therein, cut, removed and carried away, without the knowledge or consent of the plaintiff, thirty-five white oak trees, thirteen black oak trees and twenty pine trees and manufactured said trees into ties, and that said trees and timber were valuable and useful and suitable for being manufactured into lumber and material of a grade and value greater than ties, and were in fact suitable for lumber of a high grade and value for building material and manufacturing material and were of the reasonable value of three hundred and fifty dollars, for which the plaintiff prayed judgment and costs, and that the court treble the verdict as found by the jury.

The answer was a general denial, and a further answer that the defendant owns fifty-eight thousand acres of wild land in the northeast part of Oregon county adjoining the lands described in plaintiff's petition, and, "That defendant contracted with various citizens of Oregon county to cut its timber from the lands it owned. It is informed that one of said contractors through inadvertance or mistake cut over the line between defendant's lands and the lands described in plaintiff's petition and before discovering the mistake cut and removed timber of a value not to exceed $25.

"Defendant states that the lands described in plaintiff's petition like defendant's adjoining lands is of very little value for any purpose. That soon after defendant was informed of the mistake it caused the line to be surveyed between its lands and the lands mentioned in plaintiff's petition and thereafter offered to pay to the plaintiff, if the lands belonged to him, more than the true value of the timber so cut.

"As to whether plaintiff owns the land described in his petition this defendant is not informed and has not sufficient knowledge or information to form a belief or know who is the true owner of said lands but defendant alleges as a fact that said lands were not in actual possession of plaintiff or any one else at the time the timber was cut.

"That the cutting of the timber was through a mistake as to the true line between the defendant's lands and the lands mentioned in plaintiff's petition and was not authorized by this defendant.

"Defendant having fully answered asks to be discharged with its costs."

The case was tried to a jury and a verdict was returned for plaintiff in the sum of one hundred seventy-five dollars, and judgment entered for that amount. The defendant in his printed statement says, "After verdict the court refused to treble the amount of damages by lack of any showing of guilty knowledge on part of the defendant in cutting the timber."

After judgment motion for new trial was filed, considered, and overruled and the defendant appealed to this court.

The defendant has furnished us with brief and citations of authorities, but the plaintiff has not seen fit to brief the case nor furnish us with any authorities whatsoever.

The defendant contends that there is error in the instructions given at the request of plaintiff, that the form of the verdict is erroneous, that the verdict is excessive, is based on speculation and conjecture and the result of passion and prejudice against the defendant, and is against the evidence and the weight of the evidence. And that the court erred in admitting incompetent and irrelevant evidence on the part of the plaintiff.

We have gone over the record and think no reversible error was committed by the court in the admission of testimony. The testimony complained of was that as to the value of the timber it admitted in taking. So, we think we would not be justified in reversing the case on account of lack of testimony or on account of the verdict being excessive or the result of passion and prejudice.

The first two of the instructions given at the request of the plaintiff are as follows:

## I.

"The court instructs the jury that if you find and believe from the evidence in this case that defendant by its agents and employees unlawfully entered upon the east half of lot three and the east half of lot four of the northeast quarter of section four in township twenty-four north of range three, west in Oregon county, Missouri, and without any right and interest therein, cut and removed and carried away and converted into its use, twenty-five white oak trees, thirteen black oak trees and twenty pine trees, or any of said trees standing, growing and being on said lands and converted the same to its own use and benefit for ties and that said trees and timber and land were the property of W. J. McFry, the plaintiff herein, then you will find the issues for the plaintiff, and assess his damage at whatever sum you may find from the evidence he has sustained, not exceeding the sum of $250."

## II.

"The court instructs the jury that if you find and believe from the evidence in this case that the defendant unlawfully cut, and removed the said timber in question and manufactured same into ties, you are not confined to the value of such timber for ties, but you may determine and assess plaintiff's damages, if any, for the reasonable market value of such timber so taken, if you find any was taken by defendant, for any purpose it may have been suitable for use."

These two instructions were objected to, and the record shows that the court gave the following instruction:

"The court instructs the jury if your finding is for plaintiff in this case it should be for the reasonable market value of the timber on the land at the time it was cut."

The record fails to show whether this last instruction was given at the request of the defendant or not, but in the printed argument the defendant refers to it as its instruction, but regardless of whose instance it was given it formed a part of the whole series of instructions which are to be read as a single charge. [Hilderbrand v. Railway Co., 220 Mo. App. 1229, 1237, 298 S. W. 1069.]

Instructions numbered 1 and 2 might not have been as full and clear with reference to the measure of damages as they should have been, yet, they do not constitute reversible error in view of the last instruction above set out which does define the measure of damages as contended for by the defendant. [Campbell v. National Fire Insurance Co. of Hartford, 269 S. W. 654.] We do not agree with the defendant that these instructions gave the jury a roving commission to estimate the damages.

The defendants complain of the form of the verdict, and especially that part which says, "And we find that the value of the timber taken *is* of the value of $175 and we do assess plaintiff's damages at said sum." The defendant contends that by this verdict the jury found the value of the timber as of October, 1929, instead of the time when the timber was taken October, 1928. In other words the contention is that the word *was* should have been used instead of *is,* and that the form of the verdict given by the court to the jury was erroneous and misleading to the jury because of the instructions given as to the methods of determining the damages *to* the plaintiff. We think in view of the fact that an instruction was given telling the jury that if the finding is for the plaintiff "It should be for the reasonable market value of the timber on the land at the time it was cut," that there is no merit to the defendant's contention as to this point.

It follows that the judgment should be affirmed. It is so ordered. *Cox, P. J..* and *Bailey, J.,* concur.